**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| **SOVERAIN SOFTWARE LLC,** §<br>§<br>**Plaintiff,** §<br>§<br>**v.** §<br>§<br>**NORDSTROM, INC.** §<br>§<br>**Defendant.** §<br>§<br>§<br>§ | **Civil Action No. 6:12cv148**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Soverain Software LLC, by its undersigned attorneys, for its complaint against Defendant Nordstrom, Inc. ("Nordstrom") hereby alleges the following:

### INTRODUCTION

1.     This is an action arising under the patent laws of the United States, Title 35 of the United States Code, for Nordstrom's infringement of U.S. Patent Nos. 5,715,314 and 5,909,492 (collectively, the "patents-in-suit").

2.     Plaintiff Soverain Software LLC ("Soverain") is a Delaware limited liability company organized and existing under the laws of Delaware, with its principal place of business at 233 South Wacker Driver, Suite 9425, Chicago, IL 60606.

3.     Upon information and belief, Defendant Nordstrom, Inc. is a corporation organized and existing under the laws of the state of Washington, with its principal place of business at 1617 Sixth Avenue, Seattle, WA 98101.

### JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and

1338(a).

5.      This Court has personal jurisdiction over Nordstrom because it has committed acts of infringement in violation of 35 U.S.C. § 271 and have placed infringing products into the stream of commerce, through an established distribution channel, with the knowledge and/or understanding that such products are used in this District.  These acts cause injury to Soverain within the District.  On information and belief, Nordstrom derives substantial revenue from the infringing products used within the District, and/or expect or should reasonably expect their actions to have consequences within the District, and derive substantial revenue from interstate and international commerce.

6.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b).  Moreover, Plaintiff Soverain has previously asserted the patents-in-suit in this Division, during which this Court issued several orders and opinions, conducted claim construction proceedings, and presided over trial.  *See Soverain Software LLC v. Amazon.com, Inc. and The Gap, Inc*., Case No. 6:04-cv-014 (filed Jan. 12, 2004); *Soverain Software LLC v. CDW Corp., et al.,* Case No. 6:07-cv-511 (filed Nov. 23, 2007); *Soverain Software LLC v. J.C. Penney Corp., Inc. et al.,* Case No. 6:09-cv-274 (filed Jun. 25, 2009).

## THE PATENTS-IN-SUIT

7.      Plaintiff Soverain is the owner of all right, title, and interest in U.S. Patent No. 5,715,314 (the "'314 patent") entitled "Network Sales System."  The '314 patent was duly and properly issued by the United States Patent and Trademark Office on February 3, 1998 and assigned to Soverain.  The PTO reexamined the '314 patent and issued *Ex Parte* Reexamination Certificate No. 5,715,314 C1 on October 9, 2007.  A copy of the '314 patent is attached hereto as Exhibit A. A copy of the *Ex Parte* Reexamination Certificate 5,715,314 C1 is attached hereto as

Exhibit B.

8.     Plaintiff Soverain is the owner of all right, title, and interest in U.S. Patent No. 5,909,492 (the "'492 patent") entitled "Network Sales System."  The '492 patent was duly and properly issued by the United States Patent and Trademark Office on June 1, 1999 and assigned to Soverain.   The PTO reexamined the '492 patent and issued *Ex Parte* Reexamination Certificate No. 5,909,492 C1 on August 7, 2007.  A copy of the '492 patent is attached hereto as Exhibit C. A copy of the *Ex Parte* Reexamination Certificate No. 5,909,492 C1 is attached hereto as Exhibit D.

9.     Plaintiff Soverain has marked its product with the numbers of one or more of the patents in suit.

<u>COUNT I:  PATENT INFRINGEMENT</u>

10.     Upon information and belief, Nordstrom, through its use of systems and methods related to shopping for and purchasing items through websites including but not limited to www.nordstrom.com, has infringed and continues to infringe, either literally or under the doctrine of equivalents, the '314 and '492 patents in violation of 35 U.S.C. §271 by: (a) making, using, offering for sale or selling within the United States, products or processes that practice inventions claimed in those patents; (b) inducing others to make, use, offer for sale or sell within the United States, products or processes that practice inventions claimed in those patents; or (c) contributing to the making, using, offering for sale or selling within the United States, products or processes that practice inventions claimed in those patents.

11.     Plaintiff Soverain has been damaged by Nordstrom's infringement and will continue to be damaged by such infringement.

12.     Plaintiff Soverain has suffered and continues to suffer irreparable harm and will

continue to do so unless Nordstrom is enjoined therefrom by this Court.

## JURY DEMAND

13.     Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Soverain respectfully requests a trial by jury on all issues.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Soverain requests entry of judgment in its favor and against Defendants as follows:

A.     Declaring that Defendant Nordstrom, Inc. has infringed U.S. Patent Nos. 5,715,314 and 5,909,492.

B.     Awarding the damages arising out of Defendant Nordstrom, Inc.'s infringement of U.S. Patent Nos. 5,715,314 and 5,909,492, including enhanced damages pursuant to 35 U.S.C. § 284, to Soverain, together with prejudgment and post-judgment interest, in an amount according to proof;

C.     Permanently enjoining Defendant Nordstrom, Inc. and its respective officers, agents, employees, and those acting in privity with them, from further infringement, including contributory infringement and/or inducing infringement, of U.S. Patent Nos. 5,715,314 and 5,909,492.

D.     Awarding attorneys' fees pursuant to 35 U.S.C. § 285 or as otherwise permitted by law; and

E.     Awarding such other costs and further relief as the Court may deem just and proper.

DATED:  March 14, 2012            Respectfully submitted,


By: /s/ John Ward, Jr.
    T. John Ward, Jr.
    State Bar No. 00794818
    jw@wsfirm.com
    J. Wesley Hill
    State Bar No. 24032294
    wh@wsfirm.com
    Claire Abernathy Henry
    State Bar No. 24053063
    claire@wsfirm.com
    WARD AND SMITH LAW FIRM
    111 W. Tyler St.
    Longview, Texas 75601
    Telephone (903) 757-6400
    Facsimile (903) 757-2323

    Max L. Tribble, Jr. – Lead Counsel
    State Bar No. 20213950
    mtribble@susmangodfrey.com
    John P. Lahad
    State Bar No. 24068095
    jlahad@susmangodfrey.com
    SUSMAN GODFREY L.L.P.
    1000 Louisiana Street, Suite 5100
    Houston, Texas 77002
    Telephone:  (713) 651-9366
    Facsimile:  (713) 654-6666

    Justin A. Nelson
    State Bar No. 24034766
    jnelson@susmangodfrey.com
    SUSMAN GODFREY L.L.P.
    1201 Third Ave, Suite 3800
    Seattle, WA 98101
    Telephone: (206) 516-3880
    Facsimile:  (206) 516-3883

    Victoria Cook
    State Bar No. 24031912
    vcook@susmangodfrey.com
    Kalpana Srinivasan
    CA State Bar No. 237460
    ksrinivasan@susmangodfrey.com
    SUSMAN GODFREY L.L.P.
    1901 Avenue of the Stars, Suite 950
    Los Angeles, CA 90067
    Telephone:  (310) 789-3100
    Facsimile:  (310) 789-3150

Michael C. Smith
State Bar No. 18650410
SIEBMAN, BURG, PHILLIPS & SMITH L.L.P.
113 East Austin St.
P.O. Box 1556
Marshall, Texas 75671
Telephone: (903) 938-8900
Facsimile: (903) 767-4620
michaelsmith@seibman.com

S. Calvin Capshaw
State Bar No. 03783900
Elizabeth L. DeRieux
State Bar No. 05770585
CAPSHAW DERIEUX, LLP
1127 Judson Road, Suite 220
P. O. Box 3999
Longview, Texas 75601-5157
Telephone:  (903) 236-9800
Facsimile:  (903) 236-8787
ccapshaw@capshawlaw.com
ederieux@capshawlaw.com

**_Attorneys for Soverain Software LLC_**